IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>JOHN WAYS, JR., and NKOSI, INC., a Nebraska corporation;<br><br>            Defendants. | 8:12CR391<br><br>MEMORANDUM AND ORDER |

This matter is before the court on its own motion. This action against defendant John Ways, Jr., was tried to a jury from August 11, 2014 to August 27, 2014. All of the other defendants had earlier entered pleas of guilty to the charges, with the exception of corporate defendant NKOSI, Inc. ("NKOSI"). The jury returned a verdict of guilty on all four counts against John Ways, Jr. (finding defendant Ways, Jr., guilty of conspiracy to sell or offer for sale drug paraphernalia, conspiracy to distribute or possess with intent to distribute controlled substances, conspiracy to launder money and being a felon in possession of ammunition). See Filing No. 473, Verdict. Thereafter, the jury found, in a bifurcated proceeding, that the funds involved in or connected to the crimes were subject to forfeiture. Filing No. 475, Special Verdict.

Defendant NKOSI was charged in the Superseding Indictment with the offense of conspiracy to commit money laundering. Filing No. 155, Superseding Indictment. A summons was issued on April 23, 2013. Filing No. 164. It was personally served on the registered agent of the corporation, Adrienne Davis, on May 13, 2013. On May 17, 2013, the Government filed a motion to continue the arraignment and initial appearance of NKOSI in order to allow the corporation to obtain counsel. Filing No. 184. The order

was granted and the initial appearance was continued to June 3, 2013. Filing No. 185. On June 3, 2013, Adrienne Davis, registered agent appeared on behalf of defendant NKOSI at the initial appearance and arraignment. Filing No. 195, text minute entry; Filing No. 196, audio file. The corporation acknowledged receipt of a copy of the Superseding Indictment and the court directed the corporation to have counsel enter an appearance as soon as possible. *Id.* The corporation stood mute and the court entered a plea of not guilty on its behalf. *Id.* The corporate registered agent stated that she had forwarded the Superseding Indictment to defendant Ways, Jr.'s, counsel and urged him to obtain counsel for the corporation.[1] Filing No. 196, audio file. No attorney entered an appearance on behalf of the corporation. Also, no representative of defendant NKOSI appeared at any hearing or at the trial.

At the end of the trial, the United States moved for default against the corporation and the court found defendant NKOSI in default. These findings supplement findings made on the record at trial.

I.  LAW

A corporation is a legal entity separate and apart from its officers and shareholders. *Wolf v. Walt*, 530 N.W.2d 890, 896 (Neb. 1995). A corporation's identity as a separate legal entity will be preserved, as a general rule, until sufficient reason to

---

[1] Although counsel was appointed for defendant Ways, Jr., under the Criminal Justice Act, there is general consensus that CJA funds are not available to fund the defense of an indigent corporation. *See United States v. Hartsell*, 127 F.3d 343, 350 (4th Cir. 1997) ("[N]either the Sixth Amendment to the United States Constitution nor the Criminal Justice Act provides that counsel must be appointed, at public expense, to represent a corporation ...."); *United States v. Unimex, Inc.,* 991 F.2d 546, 550 (9th Cir. 1993) (finding neither the Sixth Amendment nor the CJA provide for appointment of counsel for corporations without sufficient assets to retain counsel on their own); *but see United States v. Burk*, 2014 WL 2800759, *10 (W.D. Tex. June 18, 2014)(finding that the court's inherent power provides authority for appointment of counsel for a corporation).

the contrary appears. *Southern Lumber & Coal Co. v. M.P. Olson Real Estate*, 426 N.W.2d 504, 509 (Neb. 1988); *J.L. Brock Builders, Inc. v. Dahlbeck*, 391 N.W.2d 110, 114 (Neb. 1986). However, in certain circumstances, the "corporate veil" may be pierced and individual liability imposed upon the individuals for which the corporate entity served merely as an alter ego. *See e.g., Nieto-Vincenty v. Valledor*, --- F. Supp. 2d ----, 2014 WL 2311056, *7 (D.P.R. May 30, 2014). Under Nebraska law, a court will disregard a corporation's identity where the corporation has been used to commit fraud, violate a legal duty, or perpetrate a dishonest or unjust act in contravention of the rights of another. *Wolf*, 530 N.W.2d at 896; *Global Credit Servs. v. AMISUB*, 508 N.W.2d 836, 842 (Neb. 1993) (stating that "when the notion of a legal entity is used to defeat public convenience, justify wrong, protect fraud, or defend crime, the law will regard the corporation as an association of persons"); *Medlock v. Medlock*, 642 N.W.2d 113 (Neb. 2002) (stating that "in equity, the corporate entity may be disregarded and held to be the mere alter ego of a shareholder or shareholders in various circumstances where necessary to prevent fraud or other injustice" and "[w]hen a corporation is or becomes the mere alter ego, or business conduit, of a person, it may be disregarded.").

Piercing a corporate veil requires proof "that the corporation was under the actual control of the shareholder and that the shareholder exercised such control to commit a fraud or other wrong in contravention of the plaintiff's rights." *Global Credit Servs.*, 244 508 N.W.2d at 842; *see J.L. Brock Builders*, 391 N.W.2d at 115 (noting that the relevant factors in determining whether to disregard the corporate entity on the basis of fraud include the facts that the corporation is a mere facade for the personal dealings of the

3

shareholder and that the operations of the corporation are carried on by the shareholder in disregard of the corporate entity).

Due process requires that a corporation is entitled to notice and an opportunity to be heard before being deprived of its property by adjudication.  See *Greater St. Louis Const. Laborers Welfare Fund v. Benco Landscape Const., Inc.,* 474 Fed. App'x  489, *490 (8th Cir. 2012)*; see also *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110–11 (1969) (finding a judgment against a parent company as alter ego of its subsidiary based only on the subsidiary's stipulation was improper where the parent company did not have the opportunity to contest the alter-ego determination).  Whether to allow piercing of the corporate veil is an equitable determination. *Southern Lumber,* 426 N.W.2d at 508.

II. DISCUSSION

The evidence adduced at trial establishes that defendant John Ways, Jr., was in charge of and ran NKOSI.  No other person was involved in its operation.  NKOSI is a subchapter S corporation and John Ways, Jr., and his family members are its only stockholders.  John Ways, Jr., opened numerous bank accounts in the name of NKOSI and deposited funds in those accounts.  The evidence shows, and the jury found, that the funds deposited in the bank accounts under the NKOSI name constituted or were derived from the proceeds of, or were used or intended to be used to facilitate, Ways's drug conspiracy crimes, or were involved in or traceable to the Ways's money laundering conspiracy.

The court finds that the evidence adduced at trial establishes that defendant Ways, Jr. used the corporation as a mere facade for his personal dealings and used the

4

operations of the corporation to perpetrate his drug conspiracy and money laundering offenses. Defendant Ways, Jr., clearly exercised his control over the corporate entity to commit a fraud or other wrong. Accordingly, the court finds it appropriate in this case to disregard the corporate entity and to find that defendant NKOSI is the alter ego of defendant John Ways, Jr.

The court further finds that defendant NKOSI was provided notice of the proceedings and notice that the Government intended to seek the forfeiture of NKOSI's property as part of the sentence in this case and has been afforded due process.[2]

Dated this 16th day of December, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

[2] Further, at the close of trial, the government represented to the court that defendant NKOSI will be provided notice of any preliminary and final orders of forfeiture under Fed. R. Crim. P. 32.2.