IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> v.<br><br>JOHN WAYS, JR., FRANK FIROZ, NKOSI, INC., a Nebraska corporation;<br><br>     Defendants. | 8:12CR391<br><br>PRELIMINARY ORDER OF FORFEITURE |

  This matter is before the court on the plaintiff's motion for a preliminary order of forfeiture, Filing No. 496.[1]  The Court's jurisdiction in this matter is founded on 21 U.S.C. § 853(a) and 18 U.S.C. § 982(A)(1).

  In support of its motion, the United States has shown that on April 16, 2013, the federal grand jury sitting in this District returned a four-Count Superseding Indictment against defendant John Ways, Jr., a/k/a John Ways, II, a/k/a John Blacksteel (hereinafter referred to as "John Ways, Jr." or "Ways").  Count I charged the defendant with conspiracy to sell drug paraphernalia, in violation of 21 U.S.C. § 863.  Count II charged the defendant with conspiracy to distribute and possession with intent to distribute Schedule I controlled substances, in violation of 21 U.S.C. § 846.  Count III charged the defendant with money laundering, in violation of 18 U.S.C. § 1956(h).  Count IV charged the defendant with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1).  After a trial, defendant Ways was found guilty on all counts.  Filing No. 473, Jury Verdict.

---

[1] The motion is addressed to the interests of defendants John Ways, Jr., and Frank Firoz.  Firoz has entered a plea of guilty to the charges pursuant to plea agreement and has agreed that a money judgment in the amount of $357,300 may be entered against him and has further agreed to give up any claims to the seized property.  Accordingly, the government's motion is moot with respect to Firoz's interest in the property.

In the Superseding indictment, the government also sought the forfeiture, pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. §§ 853(a)(1) and (a)(2), of certain properties as properties constituting or derived from any proceeds defendant Ways, obtained directly or indirectly as the result of the drug offenses, or properties used or intended to be used in any manner or part to commit or to facilitate the commission of such offenses, and are real or personal properties involved, or traceable to the money laundering offense.

By special verdict, the jury found Ways's interests in the properties are forfeitable to the United States as property that constituted or was derived from any drug proceeds, as property used or intended to be used, to commit or to facilitate the commission of the drug offenses; or were real or personal properties involved, or traceable to the money laundering offense.  Filing No. 470, Text Minute Entry; Filing No. 475, Special Verdict.  Based on the evidence adduced at trial and on the jury's verdict, the court finds the government has established the requisite nexus between the property and the offenses.  The court earlier found NKOSI's corporate identity could be disregarded and found defendant NKOSI is the alter ego of defendant John Ways, Jr.  Filing No. 584, Memorandum and Order at 5.

Under the pertinent statutes, the Court must enter an order of forfeiture against all of defendant Ways's interests in the forfeitable assets.  See 21 U.S.C. § 853; 18 U.S.C. § 1963(1).  Accordingly, the court preliminarily finds that whatever interest defendant Ways has in the property should be ordered forfeited to the government.  See Fed. R. Crim. P. 32.2, advisory committee notes.  If third parties assert that they have an interest in all or part of the property, those interests can be adjudicated in an ancillary proceeding.  Id.  If no third party files a claim, the court, at the time of sentencing, will enter a final order forfeiting the property.  See Id.; Fed. R. Crim. P. 32.2(c)(2).  If a third party files a claim, the order will become final as to the defendant at the time of sentencing but will be subject to amendment

2

in favor of a third party pending the conclusion of the ancillary proceeding.  Fed. R. Crim. P. 32.2(c)(2), advisory committee notes.

The court finds defendant Ways's interest in the following property is forfeitable and a preliminary order of forfeiture should be entered.  Accordingly,

IT IS ORDERED:

1. The motion of the United States for a preliminary order of forfeiture (Filing No. 496) is granted as it pertains to defendant John Ways, Jr., and denied as moot as it pertains to defendant Frank Firoz.

2. Defendant John Ways, Jr.'s interest in the following property is preliminarily subject to forfeiture to the United States:

**Currency and Bank Accounts**

   1. $185,683.15 seized on September 13, 2012, from SAC Federal Credit Union Prime Share Account No. 285398-0, in the name of NKOSI, Inc.;

   2. $93,103.82 seized on September 13, 2012, from SAC Federal Credit Union Prime Share Account No. 285401-0, in the name of NKOSI, Inc.;

   3. $76,785.18 seized on September 13, 2012, from SAC Federal Credit Union Prime Share Account No. 285404-0, in the name of NKOSI, Inc.;

   4. $306,536.70 seized on September 13, 2012, from SAC Federal Credit Union Prime Share Account No. 285407-0, in the name of NKOSI, Inc.;

   5. $127,576.49 seized on September 13, 2012, from SAC Federal Credit Union Prime Share Account No. 285409-0, in the name of NKOSI, Inc.;

   6. $13,711.95 seized on September 13, 2012, from Centris Federal Credit Union Classic Checking Account No. 1229495, in the name of John Ways, Jr.;

7.     $57,036.17 seized from 2005 Ford F-150 pickup, VIN 1FTPW14585FA91869, on September 13, 2012, at Exotica store, 157 N. 72nd Street, Omaha, Nebraska;

8.     $9,917.90, combined total seized from Exotica store, 157 N. 72nd Street, Omaha, Nebraska, and John Ways, Jr.s' person on September 13, 2012;

9.     $4,362.98 seized from Exotica store, 108 E. 23rd Street, South Sioux City, Nebraska, on September 13, 2012;

10.    $702.00 seized from Exotica store, 2441 N. 48th Street, Lincoln, Nebraska, on September 13, 2012;

11.    $2,365.00 seized from Frank Firoz's residence in South Sioux City, Nebraska, on September 13, 2012;

12.    $538.24 seized from Exotica store, 5063 S. 108th Street, Omaha, Nebraska, on September 13, 2012;

13.    $326.89 seized from Exotica store, 1409 W. Broadway Street, Council Bluffs, Iowa, on September 13, 2012;

14.    $8,499.34 seized from John Ways, Jr. on May 9, 2012.

15.    $43,117.82 seized on December 21, 2012, from First National Bank account No. 110349088 in the name of NKOSI, Inc.;

16.    $23,526.69 seized on December 21, 2012, from First National Bank account No. 110349062 in the name of NKOSI, Inc.;

17.    $19,355.16 seized on December 21, 2012, from First National Bank account No. 110349075 in the name of NKOSI, Inc.;

18.    $18,501.27 seized on December 21, 2012, from First National Bank account No. 110349059 in the name of NKOSI, Inc.;

19.    $10,093.05 seized on December 21, 2012, from First National Bank account No. 110349033 in the name of NKOSI, Inc.;

20. $23,866.78 seized on December 21, 2012, from Wells Fargo Bank account No. 2554646014 in the name of NKOSI, Inc.;

21. $18,962.52 seized on December 21, 2012, from Wells Fargo Bank account No. 2554646006 in the name of NKOSI, Inc.;

22. $18,466.41 seized on December 21, 2012, from Wells Fargo Bank account No. 2554646022 in the name of NKOSI, Inc.;

23. $48,076.40 seized on December 21, 2012, from Exotica store, 108 E. 23rd St., South Sioux City, Nebraska;

24. $10,684.65 seized on December 21, 2012, from Exotica store, 157 N. 72nd St., Omaha, Nebraska, and the person of John Ways, Jr.;

25. $2,510.59 seized on December 21, 2012, from 2005 Dodge Ram truck located at 157 N. 72nd St. store, Omaha Nebraska.;

26. $714.52 seized on December 21, 2012, from Exotica store, 1409 W. Broadway, Council Bluffs Iowa;

27. $166.00 seized on December 21, 2012, from Exotica store, 5065 S. 108th St., Omaha Nebraska.

**Drug Paraphernalia**

28. 28,637 pipes, bongs, hookahs

29. 2,026 grinders

30. 963 scales

31. 186 stash concealment containers

32. Twenty-seven vaporizers

33. Thirty-two units of synthetic urine

34. Sixty-five bags of Ziploc baggies

35. Miscellaneous drug paraphernalia to include whip its, whip cream chargers, rolling papers and blunts, cream

5

whips, cigarettes rollers, dugouts, nitro canisters and packing materials.

**Ammunition and Gun Safes**

    36.    800 rounds of 5.56mm ammunition

    37.    Four gun safes

**Computers and Equipment**

    38.    ASUS laptop SN B6N0AS553415267

    39.    ASUS laptop SN B6N0AS05948022C

    40.    Apple Macbook laptop SN CO2HF2D0DJWY

    41.    Compaq laptop SN 4CZ11513RG

    42.    E Machines laptop SN LXN54020179524096F1601

    43.    Hewlett Packard G-72 laptop SN 4CZ03500BY

    44.    Hewlett Packard Presario laptop SN 4CZ12214HD

    45.    Gateway computer tower SN PTGCFP20016F19600

    46.    HPIQ500 desktop computer SN 3CR9080L88

    47.    Compaq laptop SN CNF0223BPV

    48.    HP laptop SN CNF1131WW1

    49.    Compac Presario CQ57 laptop computer SN 5CB2202J19

    50.    Cannon Camera SN 0770403207

    51.    JVC video camera GZ-HM30BU

    52.    Samsung DVR SN Y4LI3VWS100161P

    53.    Nightowl DVR SN 000048361010

  54. Samsung DVR SN C7U76V2C301672L

  55. Bunker Hill DVR SN 369471134

  56. Zmodo DVR SN D9108BH

  57. Nightowl DVR SN 000602720717

  58. Revo DVR SN 12110412030461

  59. Dish Network DVR, no serial number

  60. Swann DVR SN 232391109340

  61. Revo DVR SN 1166941101563

  62. DVR of unknown make and without a serial number

  63. PS3 Player SN CG179847994

  64. Two DVRs, Bunker Hill brand, no serial numbers

**Vehicles**

  65. 2005 Ford F-150, VIN 1FTPW14585FA91869, jointly titled in the names of John Ways, Jr. and Grateful Goods;

  66. 2005 Dodge Ram, VIN 1D7HU18D05S307965, open title.

 3. The United States shall provide written notice to all third parties who reasonably appear to be potential claimants with respect to any of the properties described above who have standing to contest the forfeiture in an ancillary proceeding, and will publish notice, in conformity with Supplemental Rules G(4)(a)(ii) through (iv) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, of this Preliminary Order of Forfeiture and of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, pursuant to 18 U.S.C. § 982(b)(1) and

21 U.S.C. § 853(i), on an official internet government forfeiture site, www.forfeiture.gov, for at least thirty consecutive days.

4.    If a third party files a claim or petition asserting an interest in the property to be forfeited, the government shall move for an ancillary proceeding and the court will conduct an ancillary proceeding under Fed. R. Crim. P. 32.2(c) at a later date. *See* 21 U.S.C. § 853(n)(1)-(7).

5.    Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this preliminary forfeiture order will become final as to defendant Ways at sentencing, but will remain preliminary as to third parties until any ancillary proceeding under Fed. R. Crim. P. 32.2(c) is concluded.

6.    A forfeiture and sentencing hearing is scheduled for February 13, 2015, at 1:00 p.m. in Courtroom No. 3, Roman Hruska Federal Courthouse, 111 S. 18th Plaza Omaha, Nebraska.

DATED this 31st day of December, 2014

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge