IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:12CR00391 |
| vs. | |
| JOHN WAYS, JR. | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Vacate under 28 U.S.C § 2255. Filing No. 755. John Ways, Jr. ("Defendant") has also filed a Motion to Dismiss Count II of the Indictment based on the District Court's Lack of Subject Matter Jurisdiction, a Motion to dismiss Count II of the Indictment, two Motions to Amend, and a Miscellaneous Motion. Filing Nos. 779, 780, 786, 787, 807. The Court initially reviewed this case and ordered the Government to file its answer. Filing No. 767.

I.  BACKGROUND

Defendant was indicted for drug and money related offenses in the United States District Court for the District of Nebraska after the Bureau of Alcohol, Tobacco, and Firearms ("ATF") began an investigation into Defendant's Exotica shops for illegal contraband and drug paraphernalia. Filing No. 707. ATF agents served multiple search warrants on Defendant's Exotica shops and residence which resulted in the discovery of numerous drug paraphernalia items, drug substances offered for sale, firearm ammunition, financial records, and money. Filing No. 707. In April 2013, he was charged with four counts: conspiracy to sell drug paraphernalia in violation of Title 21 U.S.C. § 846 (Count I); conspiracy to distribute Schedule I controlled substances in violation of Title 21

1

U.S.C. § 846 (Count II); conspiracy to commit money laundering in violation of Title 18 U.S.C. § 1956(a)(1)(B)(i), (ii) (Count III) ; and being a felon in passion of ammunition in violation of Title 18 U.S.C. § 922(g)(1) (Count IV) for offenses that occurred between April 2012 and December 2012. Filing No. 157.

After a thirteen-day trial, the jury returned a verdict of guilty against Defendant on all four counts. Filing No. 473. The jury also returned a verdict of forfeiture. On December 31, 2014, the Court entered a preliminary order of forfeiture. Filing Nos. 587, 588. On March 27, 2014, the Court sentenced Defendant to 36 months' imprisonment on Count I, 180 months' imprisonment on Counts II and III, respectively, and 120 months' imprisonment on Count IV, all to run concurrently. Filing No. 623. Judgment, including a final order of forfeiture, was entered on March 30, 2014. Filing No. 623. Following sentencing, Defendant directly appealed his conviction to the United States Court of Appeals for the Eighth Circuit ("Eighth Circuit"). Filing No. 625. The Eighth Circuit reversed Defendant's conviction on Count IV and affirmed the Court's judgment on the remaining counts. Filing No. 707.

In his brief in support of his motion to vacate, Defendant asserts over one-hundred causes of action stemming from both ineffective assistance of counsel and prosecutorial misconduct claims. Filing No. 755. A majority of the asserted causes of action are either claims that were required to be brought on direct appeal and/or frivolous. Therefore, the Court will address Defendant's viable claims in two groupings—ineffective assistance of counsel and prosecutorial misconduct claims. Defendant's viable claims stemming from ineffective assistance of counsel include his counsel's failure to pursue an innocent intent defense, failure to show that Defendant was not guilty of money laundering for using an

alias, and failure to call material manufactures as witnesses. His claims stemming from prosecutorial misconduct are that the Government planted illegal controlled substances into Defendant's discovery box, the Government planted evidence into Defendant's company, Nkosi Inc.'s, bank accounts in order to seize them, and the Government knowingly let false testimony be used by its expert witness.

## II. LAW

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

Under 28 U.S.C. § 2255, a federal prisoner has "an avenue for relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" *King v. United States,* 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C.A. § 2255(a)). Ineffective assistance of counsel issues were appropriately raised in collateral proceedings. *See United States v. Hughes,* 330 F.3d 1068, 1069 (8th Cir. 2003). "The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process." *Kimmelman v. Morrison,* 477 U.S. 365, 374 (1986). Under the Fifth and Sixth Amendments, a criminal defendant is entitled to assistance of counsel at trial and at his first appeal of right. *See Gideon v. Wainwright,* 372 U.S. 335, 344 (1963); *Evitts v. Lucey,* 469 U.S. 387, 392-93 (1985) (the fundamental right to effective assistance of counsel extends to a criminal defendant's first appeal of right). The right to counsel includes the right to reasonably effective counsel. *Strickland v. Washington,* 466 U.S. 668, 686 (1984). In order to make out a claim of ineffective assistance, a petitioner must satisfy the familiar *Strickland* standard, "which requires a showing 'that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that

there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently (prejudice).'" *King v. United States,* 595 F.3d at 852 (quoting *Alaniz v. United States,* 351 F.3d 365, 367-68 (8th Cir. 2003)).

Deficient performance "is that which falls below the 'range of competence demanded of attorneys in criminal cases.'" *Sinisterra v. United States,* 600 F.3d 900, 906 (8th Cir. 2010) (quoting *Strickland,* 466 U.S. at 687). "The standard is an objective one, viewed in light of professional norms prevailing when the representation took place." *Id.*; *Bobby v. Van Hook,* 130 S. Ct. 13, 16 (2009) (per curiam). We must consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland,* 466 U.S. at 688. The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *King,* 595 F.3d at 853.

To establish prejudice under *Strickland,* a petitioner must "demonstrate that there is a reasonable probability that, but for counsel's claimed unprofessional errors, the result of the proceeding would have been different." *Christenson v. Ault,* 598 F.3d 990, 996 (2010). In the sentencing context, prejudice can be found with a showing that, had an argument been presented, a defendant likely would have received a much shorter sentence. *King,* 595 F.3d at 852-53. "An error increasing a defendant's sentence by as little as six months can be prejudicial within the meaning of *Strickland*." *Alaniz,* 351 F.3d at 368; *see also United States v. Spigner,* 416 F.3d 708, 711 (8th Cir. 2005); *King,* 595 F.3d at 853-54.

## B. PROSECUTORIAL MISCONDUCT

Prosecutors have broad discretion to enforce criminal laws. *United States v. Armstrong*, 517 U.S. 456, 456 (1996). Prosecutorial discretion is a well-established facet of our criminal justice system. *United States v. Beede*, 974 F.2d 948, 952 (8th Cir. 1992) ("[P]rosecutors must remain free to exercise their prosecutorial discretion with respect to the charging decision."). A "'presumption of regularity supports' their prosecutorial decisions and, 'in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.'" *Armstrong*, 517 U.S. at 464 (quoting *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14–15 (1926)). "In the ordinary case, 'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.'" *Id.* (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)).

Of course, prosecutorial discretion is subject to constitutional constraints. *Id.* (noting that one of these constraints is imposed by the equal protection component of the Fifth Amendment Due Process Clause). "[P]rosecutorial discretion has limits; it violates the Due Process Clause for a prosecutor to engage in vindictive prosecution—to punish a defendant for exercising her statutory or constitutional rights." *United States v. Goodwin*, 457 U.S. 368, 372 (1982); *see also United States v. Williams*, 793 F.3d 957, 963 (8th Cir. 2015).

Also, a guilty plea bars many claims, "including some 'antecedent constitutional violations' related to events (say, grand jury proceedings) that had 'occurred prior to the entry of the guilty plea.'" *Class v. United States*, 138 S. Ct. 798, 804–05 (2018) (quoting

*Blackledge v. Perry*, 417 U.S. 21, 30 (1974)). Such case-related constitutional defects can be cured through a new indictment by a properly selected grand jury. *See id.* Allegations of prosecutorial misconduct before the grand jury are subject to harmless error review. *See United States v. Mechanik*, 475 U.S. 66, 72–73 (1986). "Where the use of known perjury involves prosecutorial misconduct, it constitutes corruption of the truth-seeking function of the trial process." *Lindhorst v. United States*, 658 F.2d 598, 602 (8th Cir. 1981) (quotation omitted).

### III. DISCUSSION

#### A. INEFFECTIVE ASSISTANCE OF COUNSEL

The Court will allow a hearing on these allegations by the defendant. Further, the Court will appoint counsel to represent the defendant on his ineffective assistance claims.

#### B. PROSECUTORIAL MISCONDUCT

The Court finds that Defendant's prosecutorial misconduct claims lack merit. Defendant has not shown that the Government engaged in any action which amounts to prosecutorial misconduct. Defendant's most viable claims allege that the Government planted illegal controlled substances into Defendant's discovery box, that the Government planted evidence into Defendant's company, Nkosi Inc.'s, bank accounts in order to seize them, and that the Government knowingly let false testimony be used by its expert witness. Among others, the Defendant argues that the Government intentionally placed false evidence including illegal controlled substances in Defendant's discovery and false information into Defendant's corporate bank accounts. Additionally, he alleges that the Government permitted its expert witnesses to commit perjury at his trial. The Court finds that all of Defendant's prosecutorial misconduct claims are frivolous. There does not exist

6

any evidence either at trial or on appeal that supports these claims. Accordingly, the Court finds that Defendant's claims are without merit.

## IV. CONCLUSION

The Court finds that Defendant's motion to vacate under 28 U.S.C. § 2255 should be denied as to all claims except ineffective assistance of counsel. Accordingly,

IT IS SO ORDERED:

1. Defendant's motion to vacate under 28 U.S.C. § 2255 is denied with the exception of claims of ineffective assistance of counsel. Filing No. 755.

2. With respect to defendant's motion to vacate the claims of ineffective assistance, the Court will permit this claim to continue. The Court will order an evidentiary hearing on February 11, 2020 at 11:00 AM on the ineffective assistance claims. The defendant will participate by phone.

3. Further, the Court will appoint counsel to represent defendant on his ineffective assistance claims. Counsel is hereby appointed.

4. The government shall provide the Court a with brief regarding the ineffective assistance claims, if they so desire.

5. Defendant's motion to dismiss Count II of the indictment based on the district court's lack of subject matter jurisdiction is denied. Filing No. 779.

6. Defendant's motion to dismiss Count II of the indictment is denied. Filing No. 780.

7. Defendant's motion to amend is denied. Filing No. 786.

8. Defendant's motion to amend is denied.  Filing No. 787.

9. Defendant's miscellaneous motion is denied.  Filing No. 807.


Dated this 17th day of December, 2019.

                                      BY THE COURT:

                                      s/ Joseph F. Bataillon
                                      Senior United States District Judge