IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | 8:12CR391 |
| vs. | |
| JOHN WAYS, JR., | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant's motion to vacate pursuant to 28 U.S.C.§ 2255, Filing No. 755; motion for a writ of habeas corpus ad subjiciendum, Filing No. 936; motion to supplement the record, Filing No. 975; and motion for summary judgment, Filing No. 981. The Court conducted hearings on the § 2255 motion on August 17, 2022, Filing No. 977, on May 12, 2021, Filing No. 941, May 19, 2021, Filing No. 944, June 22, 2021, Filing No. 957 and July 9, 2021, Filing No. 958.

**BACKGROUND[1]**

Defendant challenges his conviction after a jury trial, and sentence for conspiracy to sell drug paraphernalia, conspiracy to distribute and possession with intent to distribute a schedule I controlled substance, money laundering, and felon in possession of ammunition. Filing No. 623, Judgment. He was sentenced to concurrent terms of imprisonment of 36 months, 180 months, 180 months, and 120 months. *Id.* He appealed his conviction and sentence. The convictions on the intent to distribute and money laundering and conspiracy were affirmed, but the conviction for felon in possession of

---

[1] For further review of the background in this case, see the Memorandum and Order of this Court, Filing No. 809 at 1-3.

1

ammunition was vacated. Filing No. 707, Filing No. 716, Amended Judgment. The present motion is Way's first motion under 28 U.S.C. § 2255.

**LAW**

Under 28 U.S.C. § 2255, a federal prisoner may seek relief if his "sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Ineffective assistance of counsel is appropriately raised in collateral proceedings. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) (citing *United States v. Woods*, 270 F.3d 728, 730 (8th Cir. 2001)). "The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). Under the Sixth and Fourteenth Amendments, a criminal defendant is entitled to assistance of counsel at trial and at his first appeal of right. *See Gideon v. Wainwright*, 372 U.S. 335, 344 (1963); *Evitts v. Lucey*, 469 U.S. 387, 392–93 (1985). "The right to counsel [includes] the right to reasonably effective counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970), n. 14 (1970)).

In order to make a claim of ineffective assistance of counsel, a petitioner must satisfy the *Strickland* standard, which requires the defendant to show "that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently (prejudice)." *Alaniz v. United States*, 351 F.3d 365, 367–68 (8th Cir. 2003)). Deficient performance "is that which falls below the 'range of competence demanded of attorneys in criminal cases.'"

*Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010) (quoting *Strickland*, 466 U.S. at 687). "The standard is an objective one, viewed in light of professional norms prevailing when the representation took place." *Sinisterra*, 600 F.3d at 906 (citing *Bobby v. Van Hook*, 558 U.S. 4 (2009) (per curiam)) (also citing *Strickland*, 466 U.S. at 686). We must consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. The court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690.

To establish prejudice under Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "An error increasing a defendant's sentence by as little as six months can be prejudicial within the meaning of Strickland." *Alaniz*, 351 F.3d at 368 (citing *Glover v. United States*, 531 U.S. 198, 202–04 (2001).

**DISCUSSION**

The Court first notes that defendant has raised many claims. This Court filed a Memorandum and Order, Filing No. 809, denying all claims set forth in Filing No. 755 for habeas release with the exception of those relating to ineffective assistance of counsel. As a result, any claims made herein not relating to defendant's ineffective assistance claims will not be addressed. With regard to the ineffective assistance claims, the Court denied all but the following: 1) failure to pursue an innocent intent defense; 2) failure to show that defendant was not guilty of money laundering for using an alias; and 3) failure to call material manufacturers as witnesses. Filing No. 809. The Court will address the new motions filed by the defendant as well as the § 2255 motion.

3

1.  **Filing No. 936, writ of habeas corpus ad subjiciendum**

The Court has reviewed this filing and finds it is really part of defendant's argument for his § 2255 motion. The Court will deny this motion but will consider the content set forth in defendant's motion during the Court's review of the § 2255 motion as it relates to the ineffective assistance claims.

2.  **Filing No. 975, motion to supplement the record**

The Court has reviewed this filing and will treat the content of this motion as part of the request under § 2255. Accordingly, the Court will grant the motion and consider the content as it discusses the § 2255 motion in regard to the ineffective assistance claims.

3.  **Filing No. 981, motion for summary judgment**

Defendant filed his motion for summary judgment and supplements for the same. Filing Nos. 981, 982, 983 and 984. These filings again relate to the primary motion for § 2255 relief. For the reasons set forth in the discussion of the § 2255 motion, the Court will deny the motion for summary judgment but will consider the information in each filing when considering the § 2255 petition as it regards the ineffective assistance claims.

4.  **Filing No. 755, motion to vacate under § 2255**

In order to succeed on the § 2255 claim, the defendant must prove both deficient performance and prejudice as a result. In general, the majority of the ineffective assistance claims in this case involve strategies by his counsel. A reasoned decision to not call a witness is part of the strategy and generally cannot easily be challenged. *Rodela-Aguilar v. United States*, 596 F.3d 457, 464 (8th Cir. 2010).

Defendant also argues that his due process rights have been violated by counsel's failure to raise the double jeopardy clause as to Counts 1 and 2, as Count 2 should have been subsumed by Count 1. The Court disagrees that there is ineffective assistance in that regard.

> In both the multiple punishment and multiple prosecution contexts, this Court has concluded that where the two offenses for which the defendant is punished or tried cannot survive the "same-elements" test, the double jeopardy bar applies. The same-elements test, sometimes referred to as the "Blockburger" test, inquires whether each offense contains an element not contained in the other; if not, they are the "same offence" and double jeopardy bars additional punishment and successive prosecution.

*United States v. Dixon*, 509 U.S. 688, 696–97 (1993). The double jeopardy clause does not apply as argued by the defendant. The Indictment set forth two distinct Counts, and the Court submitted the Counts to the jury as two distinct matters.

### A. Failure to pursue an innocent intent defense

Next, with regard to defendant's claim of ineffective assistance that relate to his innocent intent defense, Defendant contends that certain witnesses were not called to the stand, but such witnesses would have supported the argument that the items in question were not paraphernalia. These issues, contend the Defendant, constitute ineffective assistance of counsel.

The Court observed the trial and found that the evidence clearly supported the government's argument that these items constituted paraphernalia. Counsel, Don Schense, conducted extensive cross examination regarding the content of the illegal substances, and in particular of case agent DEA Special Agent Paul White and Rhonda DeCamp. Mr. Schense also called witnesses on behalf of the defendant. Thus, the Court finds that counsel did pursue an innocent defense argument on behalf of the defendant,

5

but the jury found otherwise. Defendant has failed to establish either prong necessary for ineffective assistance claims. In addition, the Eighth Circuit likewise determined that sufficient evidence existed to convict the defendant in this regard. Thus, there is no ineffective assistance of counsel.

### B. Money Laundering

There was also sufficient evidence adduced at trial with regard to money laundering. Defendant does not indicate what his attorney specifically failed to do with regard to this issue, particularly as it related to his use of an alias name, John Blacksteel. The evidence showed defendant used his name, John Ways, as well as the name John Blacksteel, and he also used a corporation NKOSI, Inc. His minor daughter was named as a 51% owner of the corporation. She was named as a signer on the account. On appeal the Eighth Circuit stated as to this issue:

Ways' appeal made "no effort to reconcile his general denial with the evidence," and, therefore, did not provide the Court with any basis to find that the jury's verdict was unreasonable. *United States v. Ways*, 832 F.3d 887, 896–97 (8th Cir. 2016). The Court found that the trial evidence, "showed more than mere spending of illegal funds, and more than mere commingling of funds." *Id.* (citing *United States v. Vanhorn*, 296 F.3d 713, 718 (8th Cir. 2002)). The Court explained that that a jury's verdict is entitled to a high degree of deference:

> …based on the evidence adduced at trial, we cannot say that no reasonable jury could have found that Ways conducted the financial transactions related to his business knowing that the transactions were at least partly designed to conceal the nature, source, ownership, or control of some of the proceeds from his shops.

*Ways,* at 897. Accordingly, this claim of ineffective assistance is denied.

6

C. *Failure to call material manufacturers as witnesses*

Defendant contends that his counsel was ineffective for failure to call potential manufacturing witnesses to testify regarding the substances and products. However, defendant has not indicated to the Court what witnesses in particular that counsel should have called. It appears from the record that counsel for the defendant questioned numerous witnesses in this regard. A number of the substances seized were tested by the Easter Nebraska Forensic Lab. Counsel cross examined these witnesses and was able to glean certain evidence favorable to the defendant. *See e.g.*, Tr. pp. 1072-1096, 1110-1117 (failure to do additional testing on some substances). Counsel also elicited testimony from government witnesses that certain substances were not detected. Tr. pp. 1944-1945. However, as stated by the Eighth Circuit, there was testimony that was clearly contrary to defendant's claim that he did not know what he was selling. *Ways, 832 F.3d at 895*–96. The Eighth Circuit held that based on the evidence, "a reasonable jury could have concluded that Ways knew that some of the substances sold in his shops were controlled substances." *Id.*

The Court has reviewed each claim of ineffective assistance of counsel and finds them to be without merit. See *United States v. Cronic*, 466 U.S. 648, 658 (1984) (explaining that the burden of proving ineffective assistance of counsel is on the defendant); *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003), *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969) ("In a § 2255 proceeding, the burden of proof with regard to each ground for relief rests upon the petitioner"). Defendant has failed to show that Counsel's representation or his errors were so egregious as to render him ineffective. *Buck v. Davis,* 197 L. Ed. 2d 1 (Feb. 22, 2017).

7

**THEREFORE, IT IS ORDERED THAT:**

1. Defendant's motion for writ of habeas corpus ad subjiciendum, Filing No. 936, is denied as set forth herein.

2. Defendant's motion to supplement the record, Filing No. 975, is granted as set forth herein.

3. Defendant's motion for summary judgment, Filing No. 981, is denied as set forth herein.

4. Defendant's motion for relief pursuant to 28 U.S.C. § 2255, Filing No. 755, is denied. A judgment will enter in conjunction with this Memorandum and Order.

Dated this 21st day of February 2023.

                                                                     BY THE COURT:

                                                                       s/ Joseph F. Bataillon
                                                                       Senior United States District Judge