IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:12CR391 |
| vs. | |
| JOHN WAYS, JR., | ORDER |
| Defendant. | |

This matter comes before the Court on Defendant's motion for certificate of appealability, Filing No. 989, and miscellaneous motion, Filing No. 988. For the reasons set forth herein, the Court grants the motion for certificate of appealability and denies the miscellaneous motion as moot.

Ways was convicted of conspiracy to sell drug paraphernalia, conspiracy to distribute and possession with intent to distribute a schedule I controlled substance, money laundering, and felon in possession of ammunition. Filing No. 623. He filed a motion under 28 U.S.C. § 2255, which the Court denied. Filing No. 986. Ways filed a motion seeking an additional copy of the Court's order in order to perfect his appeal. Filing No. 988. Subsequently, Defendant, through standby counsel, filed a notice of appeal, Filing No. 990, and the present motion for certificate of appealability, Filing No. 989. Defendant seeks to appeal the issues of whether his trial counsel was ineffective for failing to pursue an innocent intent defense, whether his trial counsel failed to provide exculpatory evidence to rebut the government's evidence that Ways engaged in money laundering, whether his trial counsel was ineffective in failing to call material manufacturers as witnesses at trial, and whether the Court erred in failing to make

1

additional findings of fact and conclusions of law when ruling upon the § 2255 motion. Filing No. 989 at 2.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal the denial of a 28 U.S.C. § 2255 motion is governed by the certificate of appealability requirements codified at 28 U.S.C. § 2253(c). *Jones v. Delo*, 258 F.3d 893, 900–01 (8th Cir. 2001). The court may grant a certificate of appealability only where the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must show "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994) (citing *Lozada v. Deeds*, 498 U.S. 430, 432, (1991) (per curiam)); *see also Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). A certificate of appealability must indicate which specific issue or issues satisfy the required showing. 28 U.S.C. § 2253(c)(3).

The Court concludes Ways has shown that the constitutional ineffective-assistance-of-counsel issues raised in his § 2255 motion are debatable among reasonable jurists and a court could resolve them differently. *See* Filing No. 989 at 3–9.

However, as to Defendant's argument that the Court erred in failing to make additional findings of fact and conclusions of law in ruling on his § 2255 motion, Defendant has not made a substantial showing of the denial of a constitutional right. Although he briefly references due process, Ways relies primarily on Federal Rule of Civil Procedure 52 requiring the Court to make certain findings in a civil bench trial. *See* Fed. R. Civ. P. 52(a)(1). Defendant makes no showing that this rule applies in a § 2255 proceeding,[1]

---

[1] Rather, the Court is required to "determine the issues and make findings of fact and conclusions of law with respect thereto" by 28 U.S.C. § 2255(b), not the rules of civil procedure.

much less that the Court's alleged failure to follow it denied him a constitutional right. Accordingly, Defendant's motion for certificate of appealability is granted as to the issues of ineffective assistance of counsel and denied as to the Court's alleged failure to make additional findings of fact and conclusions of law.

Lastly, the Court finds that Defendant's motion seeking an additional copy of the Court's § 2255 order so that he can appeal, Filing No. 988, has been rendered moot by his standby counsel's subsequent successful notice perfecting his appeal, Filing No. 990.

IT IS ORDERED:

1. Defendant's motion for certificate of appealability, Filing No. 989, is granted as to the issues of ineffective assistance of counsel and denied as to the Court's alleged failure to make additional findings of fact and conclusions of law.

2. Defendant's miscellaneous motion, Filing No. 988, is denied as moot in light of his subsequent notice perfecting his appeal.

Dated this 26th day of April, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge